In a condemnation proceeding, the County of Suffolk appeals from an order and decree (one paper) of the Supreme Court, Suffolk County, entered May 19, 1975, which, after a nonjury trial, fixed the compensation to the claimant at $18,000. Order and decree modified, on the law and the facts, by reducing the award to $5,135. As so modified, order and decree affirmed, with costs to appellant. In our opinion, the only competent, credible and meaningful evidence of the damage incurred as of the time of taking (May 25, 1973) was the testimony and report of the county’s appraiser, Ernest A. Bonati, but his estimate of $3,135 total compensable damages should be increased by the sum of $2,000. Bonati asserted that the subdivision map filed by claimant on "November 21, 1972 * * * effectively created the landlocked condition of the subject property prior to the date of vesting.” He was of the opinion that the market value of the 1.321 acre (57,560 square feet) subject property owned by claimant immediately before the taking was $7,500, if there were access; that the cost of providing a private right of way would be $2,000; that deducting this from the $7,500 left a total value of $5,500 for the 1.321 acre landlocked parcel, or $0,095 per square foot; that the taking (32,650 square feet, or 0.750 acres) left claimant with a parcel of 24,900 square feet, or 0.572 acres, which, at $0,095 per square foot, left claimant with a parcel having a market value of $2,365; and that deducting $2,365 from $5,500 left total compensable damages of $3,135. In our opinion, however, under all of the circumstances of this case, and evaluating all of the data presented at the trial, the sum of $5,135 provides just compensation for the taking. In any case, Special Term’s award of $18,000 improperly compensated claimant for four lots, at a price of $4,500 per lot as per a contract of sale dated November 1, 1971, even though claimant still retains title to two of the lots by virtue of his unexpectedly being left with them, solely because of his failure to have examined county maps to ascertain the actual taking line. Further, Special Term improperly computed the per lot award at the November 1, 1971 contract price as if claimant had filed a map for those four lots and as if they all had been improved and made ready for building; in fact, according to one of claimant’s witnesses, attorney Arthur R. Niles, the remainder of the property at that time (i.e., the time of the sale of five lots to Niles’ client), had not been subject to a filed map, with plots on it, *955 ready to be improved. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Hawkins, JJ., concur.